IN THE
UNITED STATES DISTRICT COURT
IN AND FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLTON E. BELL, )
)
    **Plaintiff,** )
)
v. )   Case No.: **3:00-CV-270-J-20C**
)
I.M. SULZBACHER CENTER )
FOR THE HOMELESS, INC., )
)
    **Defendant.** )
_____ )

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, CHARLTON E. BELL (hereinafter "Plaintiff" or "Bell"), by and through his undersigned attorney, and hereby submits his Amended Complaint and Demand for Jury Trial against Defendant, I.M. SULZBACHER CENTER FOR THE HOMELESS (hereinafter "Defendant"), a Florida Corporation authorized to conduct business in the State of Florida, and alleges:

### NATURE OF ACTION

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) and arises from Defendant's unlawful discrimination, and ultimate termination of Plaintiff, on the basis of his gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

### THE PARTIES

2. Plaintiff, Charlton E. Bell is a male citizen of the State of Florida, and at all times material to this action has resided within the jurisdiction of this Court.

3.      Bell first began his employment with Defendant on January, 11, 1996, and remained employed with the Defendant in the position of Shift Supervisor until his unlawful discharge on October 27, 1998.

4.      To the best of Plaintiff's knowledge and belief, Defendant is a Florida corporation, which, at all times material to this action, maintained an office for the transaction of its ordinary business in Duval County, Florida, and regularly employed approximately fifty-two (52) employees.

5.      At all times material, Defendant was Bell's "employer," as contemplated by 42 U.S.C. § 2000e-2(a)(1).

6.      Bell is a "person aggrieved" by the unlawful conduct of Defendant, as contemplated by 42 U.S.C. § 2000e-5(f)(1).

## PLAINTIFF'S COMPLIANCE WITH ADMINISTRATIVE PRE-REQUISITES

7.      Plaintiff has timely complied with all legally required administrative pre-requisites prior to initiating this action.

8.      Specifically, Plaintiff timely filed his charge of gender discrimination with the Jacksonville Equal Opportunity Commission ("JEOC") on or about November 23, 1998. Such charge was "dual-filed" with the Equal Employment Opportunity Commission. The charge was assigned an EEOC Charge Number of 15E-990055, and a JEOC Charge Number of 185-112398. A true and correct copy of that charge was attached to Plaintiff's Initial Complaint and Demand for Jury Trial as Exhibit 1, and is incorporated by reference herein.

9.      Thereafter, the EEOC issued a Notice of Right to Sue on Plaintiff's charge of discrimination on November 18, 1999. A copy of that Notice was attached to Plaintiff's Initial Complaint and Demand for Jury Trial as Exhibit 2, and is incorporated by reference herein.

10.  Plaintiff thereafter timely filed this action with this Court within ninety (90) days of his receipt of the above-referenced Notice.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11.  Bell began his employment with Defendant in January, 1996. Bell began his employment with Defendant in the position of Resident Assistant.

12.  In or about June, 1997, Bell accepted a position of Supervisor of Shift B with Defendant, which position he held at the time of his unlawful termination.

13.  On or about October 27, 1998, Plaintiff was unlawfully terminated by Linda M. Lanier, Executive Director of Defendant, and Michael A. Garrido, Director of Operations for Defendant (though, to the best of Plaintiff's knowledge and belief, Ms. Lanier, a female, was the true "decision-maker" with respect to the termination of Plaintiff's employment), for alleged "failure to disclose a criminal background" on Bell's employment application. However, at no time did the employment application which Bell completed inquire about any criminal history, nor was any criminal history ever inquired about during his employment interview with Defendant. While Plaintiff made numerous requests to the cited individuals to actually see his employment application, they refused, and Ms. Lanier later stated to Plaintiff that she had "lost" the application.

14.  Plaintiff's termination was supposedly based upon failure to disclose the fact that he had been charged with a particular felony. However, those charges were "dropped" by the state attorney when evidence surfaced that the criminal accusations against him had been fabricated and were untrue.

15.  Ms. Lanier and Mr. Garrido also became aware of numerous criminal proceedings which had been brought against female employees similarly situated to Plaintiff, who had never

disclosed their criminal backgrounds. In fact, a female employee who assumed Plaintiff's position after his unlawful termination had a criminal background herself. Subsequently, a female employee who later assumed the position had been involved in several criminal proceedings involving charges of battery, domestic violence, fighting, resisting a police officer, driving while her license was suspended, disorderly intoxication, and issuance of worthless checks. Other similarly situated female employees had been involved in criminal proceedings relating to such crimes as aggravated battery, grand larceny, and possession of controlled substances. Yet not a single female employee with a criminal background was terminated by Defendant, even though Plaintiff was terminated for having once been criminally charged with a felony, even though those charges were dropped and the underlying accusations deemed to be untrue.

16. Following Bell's unlawful discharge, Defendant replaced Plaintiff with a female employee.

17. After Bell's unlawful termination, he pleaded with Defendant's top management to have the decision to terminate him reversed, and to be reinstated. However, Defendant's top management refused to reinstate Plaintiff.

## COUNT I - GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

18. In support of Count I of this Complaint, Plaintiff incorporates by reference Paragraphs 1 through 17 as recited above.

19. Defendant's illegal termination of Plaintiff was unlawfully based upon his gender, and the proffered reasons for Bell's termination were a blatant pretext designed to "cover-up" the unlawful discrimination.

20.     Plaintiff was qualified for his position, yet was treated adversely, and ultimately terminated, because of his gender. Plaintiff was replaced by a female employee, and similarly situated female employees were treated more favorably than Plaintiff, in terms and conditions of employment.

21.     Defendant's conduct towards Plaintiff was in violation of Title VII of the Civil Rights Act of 1964, as amended.

22.     Defendant's discriminatory conduct towards Plaintiff was malicious, and recklessly indifferent to Plaintiff's federal and state employment and civil rights, thereby subjecting Defendant to liability for punitive damages.

23.     As a result of Defendant's unlawful conduct towards Plaintiff, Plaintiff has incurred financial losses and mental anguish in the past, and he will continue to incur such losses in the future.

24.     As a result of Defendant's unlawful conduct, Plaintiff has also been required to retain the undersigned law firm to represent him in this action, and is obligated to pay it a reasonable fee for services rendered.

WHEREFORE, Plaintiff, Charlton Bell, demands judgment against Defendant for his past lost earnings and fringe benefits in addition to future lost earnings and fringe benefits, for compensatory damages pertaining to mental anguish caused by Defendant's unlawful and malicious conduct, for punitive damages, and for any other equitable and legal relief that this Court may deem appropriate, as well as attorneys' fees, costs, and interest.

## DEMAND FOR JURY TRIAL

With respect to Count I of Plaintiff's Complaint as asserted above, Plaintiff further demands a trial by jury on all issues so triable.

DATED this 30th day of May, 2000.

>Respectfully submitted,
>
>By: /s/ Richard L. Ruth
>Richard L. Ruth, Esquire
>Florida Bar No. 0044681
>THE RUTH LAW FIRM
>P.O. Box 440550
>Jacksonville, Florida 32222
>PHONE: (904) 399-2449
>FAX: (904) 291-1700
>
>Attorney for Plaintiff,
>Charlton E. Bell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on the following via First Class United States mail this 30th day of May, 2000.

>Edward L. Birk, Esquire
>MARKS GRAY, P.A.
>P.O. Box 447
>Jacksonville, Florida 32201
>
>Attorneys for Defendant
>
>/s/
>Attorney